**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**EARNEST BROWN,
ADC #101749**                                                                                  **PLAINTIFF**

**V.**                                          **CASE NO. 5:13CV00268 BSM/BD**

**CHARLOTTE SANDERS, et al.**                                              **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**      <u>**Procedure for Filing Objections:**</u>

This Recommended Disposition ("Recommendation") has been sent to Chief

United States District Judge Brian S. Miller.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believe to be

wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United State District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  <u>Background</u>:

Plaintiff Earnest Brown, an Arkansas Department of Correction ("ADC") inmate,

filed this lawsuit pro se under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*.

(Docket entries #1, #4)

Mr. Brown claims that his constitutional rights were violated when he was

wrongfully convicted of a disciplinary violation at the ADC.  Mr. Brown alleges that on

January 20, 2013, Defendant Sanders came to his cell with a legal mail package.  After

Defendant Sanders identified herself to Mr. Brown, she opened the package in Mr.

Brown's presence as required by ADC policy.  According to Mr. Brown, Defendant

Sanders discovered a cellular phone in the package, which is considered contraband under

ADC regulations.  Defendant Sanders left Mr. Brown's cell with the cellular phone.

When Defendant Sanders returned, she completed a confiscation report and notified Mr.

Brown that she intended to write a disciplinary report.  The next day, Mr. Brown received

the disciplinary report.

On January 11, 2013, the disciplinary report was forwarded to Defendant Williams

for his review.  Defendant Williams initialed the report and referred Mr. Brown to a

disciplinary hearing officer.

2

On January 15, 2013, Mr. Brown attended a disciplinary hearing, during which he was provided the opportunity to provide his version of the events at issue.  The hearing officer, Defendant Banister, found Mr. Brown guilty of possession/introduction of a cellular phone.  As a result of the disciplinary conviction, Mr. Brown's class status was reduced; he was sentenced to 30 days in punitive isolation; he lost visitation and commissary privileges for 60 days; and he lost 4,044 days of good-time credit.

Mr. Brown appealed his disciplinary conviction to Defendant Warden Straughn. Defendant Straughn dismissed the appeal.  Mr. Brown then appealed to the Disciplinary Hearing Administrator, Defendant Naylor, who affirmed Mr. Brown's disciplinary conviction.  Finally, Mr. Brown appealed to the Director of the ADC, Director Hobbs. Director Hobbs also upheld Mr. Brown's disciplinary conviction, and denied Mr. Brown's appeal.

Mr. Brown claims that as a result of his disciplinary charge and conviction, his due process rights were violated and he was subjected to cruel and unusual punishment.  In addition, he claims that each of the Defendants violated ADC policy and procedure.  Mr. Brown seeks declaratory, injunctive, and monetary relief.

III. **Discussion:**

A.     Standard

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss a

3

complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

B.    Due Process Violation

Mr. Brown may pursue his claim for damages based on an alleged due process violation only if he has a liberty interest at stake.  *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995).  Here, most significantly, Mr. Brown claims that he lost over eleven years of good-time credits as a result of the disciplinary at issue.  Mr. Brown may have a liberty interest in a prison sentence shortened by the loss of good-time credits, but he cannot pursue such a claim until his disciplinary conviction has been reversed, expunged, or called into question by a state tribunal or federal court.  *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

Under settled law, if a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then the prisoner cannot pursue the damages claim until the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)  In *Edwards v. Balisok*, the Supreme Court extended its holding in *Heck* so as to apply to disciplinary proceedings that resulted in a loss of good time credits.  520 U.S. 641 (1997).  The *Balisok* Court also held that its decision was not affected by the fact that plaintiff did not seek restoration of

4

his good-time credit.  *Id*. at 648.  Finally, in *Sheldon v. Hundley*, 83 F.3d 231, 233(8th Cir. 1996), the Court of Appeals for the Eighth Circuit held that "[i]f success on the merits of a particular § 1983 claim would necessarily imply the invalidity of the result lengthening the plaintiff's prison sentence, *Heck* requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release."  Accordingly, Mr. Brown's claims should be dismissed until his disciplinary conviction is reversed, expunged, or called into question by a state tribunal or federal court.[1]

Finally, the changes made to Mr. Brown's confinement - his assignment to punitive isolation and loss of privileges- cannot support a federally protection right.  Here is why:  Placement in punitive isolation for a relatively short time, even if it means a temporary suspension of privileges, is not the type of "atypical and significant" hardship that triggers due process protection.  See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.

---

[1] The Court also notes that the Supreme Court of Arkansas has found no liberty interest in the accumulation or loss of good time credits under Arkansas law.  *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008). The reasoning is that the accumulation and loss of good time credit does not ultimately affect the length of a sentence, but only the location and conditions under which the sentence will be served.  *McKinnon*, 231 S.W.3d at 729–730.  Although the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit found that inmates in Nebraska have a liberty interest in the loss of good time credits under a statutory scheme similar to Arkansas', the Arkansas statute provides that "good time will not be applied to reduce the length of a sentence."  See *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006); Neb.Rev.Stat. § 83-1,107; and Ark. Code Ann. § 12-24-201(d).

2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)) (demotion to segregation alone, even without cause, was not an atypical and significant hardship); and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).

Punitive isolation aside, Mr. Brown had no liberty interest in commissary, telephone, or visitation privileges.  See *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (no right to a prison snack or gift shop); *Cato v. Watson*, 212 Fed. Appx. 258, 259–60 (5th Cir. 2006) (no liberty interest in commissary privileges); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no liberty interest in contact visitation); and *Henson v. Manus*, 2009 WL 530374, *4 (E.D.Ark. March 3, 2009) (sixty-day restriction of inmate's commissary, telephone, visitation, and recreation privileges was not an atypical, significant deprivation).  Without an underlying liberty interest, Mr. Brown cannot prevail on his due process claim.

C.      Eighth Amendment Claim

Mr. Brown also claims that he was subjected to cruel and unusual punishment.  To establish that conditions of confinement violate the Eighth Amendment, a prisoner must show that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 834, (1994).  Mr. Brown has not included any facts to support an

Eighth Amendment claim and, therefore, has not stated a claim for relief based on his conditions of confinement.

      D.      Violation of ADC Policy

In his complaint, Mr. Brown also alleges that each of the Defendants violated ADC policy and procedure. Unfortunately for Mr. Brown, the law is long settled that the failure to follow prison policy or procedure does not add up to a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy*, 100 F.3d at 643. Any claim related to a violation of policy should be dismissed.

## IV.   <u>Conclusion</u>:

The Court recommends that all of Mr. Brown's claims be DISMISSED, without prejudice.

DATED this 21st day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE